**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **Tawni Bennett,** | § § § | |
| Plaintiff, | § § | **Civil Action No.** |
| **v.** | § § | |
| **Veterans Aid PAC, Inc.,** | § § | **Jury Trial Demanded** |
| Defendant. | § § § § | |

**COMPLAINT**

**Tawni Bennett** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.,** alleges the following against **Veterans Aid PAC, Inc.** (Defendant):

**INTRODUCTION**

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.* and § 302.101 of the Texas Business & Commercial Code.

**JURISDICTION AND VENUE**

2.      This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.      Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

PLAINTIFF'S COMPLAINT

4.      This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5.      Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6.      Plaintiff is a natural person residing in Denton, Texas 76205.

7.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 2114 Deerpath Road, Aurora, Illinois 60506.

9.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11.     At all times relevant hereto, Plaintiff resided in Denton, Texas.

12.     At all times relevant hereto, Plaintiff maintained a cellular telephone which was assigned a "214" area code, the area code associated with the Dallas area.

13.     Plaintiff uses this cellular telephone for residential purposes.

14.     Defendant regularly solicits contributions in the State of Texas.

15.     Defendant regularly directs agents to place calls to consumers in Texas.

16.     Defendant placed unsolicited automated telephone calls to Plaintiff on her personal cellular telephone with a Dallas area code (214), and seven digit number ending in 0990 on dates including but not limited to: January 16, 2020, February 19, 2020, March 10,

PLAINTIFF'S COMPLAINT

2020 and March 11, 2020.

17.     Through the transmission of each of the aforementioned automated calls, Defendant knowingly and deliberately availed itself to this forum state.

18.     Plaintiff has only used the subject telephone number as a personal cellular telephone.

19.     Plaintiff did not consent to these telephone calls.

20.     Plaintiff has been on the Do Not Call registry since November 15, 2004.

21.     When contacting Plaintiff on her cellular telephone, Defendant (directly and/or through its agents) used an automatic telephone dialing system and automatic and/or pre-recorded messages.

22.     Each call that Plaintiff answered began with a pre-recorded voice or message.

23.     Defendant's calls were not made for "emergency purposes".

24.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

25.     As a result of the foregoing, Plaintiff experienced stress, annoyance and a sense of an invasion of privacy.

**COUNT I**
**DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)**

26.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23.     Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or automated or pre-recorded voice.

24.     The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25.     The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26.     Defendant's calls were not made for "emergency purposes."

27.     Defendant's calls to Plaintiff's cellular telephone were without any prior express consent.

28.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since November of 2004.

29.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)

32.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since November of 2004.

35.     Defendant called Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 of**
**THE TEXAS BUSINESS & COMMERCE CODE**

39.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40.     Plaintiff received all calls from Defendant in Texas and is entitled to other relief under Texas law.

41.     §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

42.     Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

43.     §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Tawni Bennett,** respectfully prays for judgment as follows:

  a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

  b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

  c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

  d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

  e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

f.  Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business and Commerce Code);

g.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business and Commerce Code;

h.  Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

i.  Any other relief this Honorable Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Tawni Bennett**, demands a jury trial in this case.

Respectfully submitted,

Dated: 04/30/2021

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT