# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TAWNI BENNETT,<br>    *Plaintiff,*<br><br>v.<br><br>VETERANS AID PAC, INC.,<br>    *Defendant.* | § <br> § <br> §    Civil Action No. 4:21-CV-340 <br> §    Judge Mazzant <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss Count I for Lack of Subject Matter Jurisdiction (Dkt. #42). Having considered the motions and relevant pleadings, the Court finds the motion should be **GRANTED.**

### BACKGROUND

This action arises out of alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Dkt. #6). Defendant Veterans Aid Pac, Inc. (the "VA") is a political action committee. The VA regularly solicits financial contributions in the state of Texas.

Plaintiff Tawni Bennett ("Bennett"), a Texas citizen, received numerous telephone calls from the VA on her cellular telephone with area code "214." These phone calls were allegedly placed through an automated telephone dialing system ("ATDS") (Dkt. #6 ¶ 15). The VA allegedly utilized "soundboard technology" to play pre-recorded audio clips on calls soliciting donations (Dkt. #6 ¶ 23). Bennett received the VA's calls and messages despite registering her telephone number with the Federal Trade Commission's (the "FTC") Do Not Call Registry on November 15, 2004 (Dkt. #6 ¶ 18).

On April 30, 2021, Bennett brought claims for violation of Sections 227(b) and 227(c) of the TCPA (Dkt. #1). On May 23, 2022, the Court entered an Order pursuant to the parties'

competing motions for summary judgment (Dkt. ##30, 34) dismissing Bennett's claims under Section 227(c) of the TCPA (Dkt. #44). Bennett's only remaining claim is for violation of section 227(b) based on four phone calls received from January 2020 through March 2020.

On May 11, 2022, the VA moved to dismiss Bennett's claim for lack of subject matter jurisdiction (Dkt. #42). Bennett responded on May 25, 2022 (Dkt. #6). The VA replied on May 28, 2022 (Dkt. #48).

## LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Xitronix Corp. v. KLA-Tencor Corp.*, 916 F.3d 429, 435 (5th Cir. 2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see* 13 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3522 (3d ed.) ("A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power."). Absent subject matter jurisdiction, federal courts are without authority to act. *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 927 (5th Cir. 2017). And while "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)), parties may challenge the constitutional or statutory subject-matter jurisdiction of a federal court under Federal Rule of Civil Procedure 12(b)(1), *Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 777 (E.D. Tex. 2020). *See* FED. R. CIV. P. 12(b)(1), (h)(3). If a 12(b)(1) analysis indicates that a court lacks subject-matter jurisdiction, then the case must be dismissed without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

In considering a 12(b)(1) motion, courts may examine "any of the following: '(1) the

complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). Courts "accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff." *Earl v. Boeing Co.*, No. 4:19-CV-00507, 2020 WL 759385, at *2 (E.D. Tex. Feb. 14, 2020) (citing *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994)). Once a defendant moves for dismissal under 12(b)(1), "the party asserting jurisdiction" bears "[t]he burden of proving subject matter jurisdiction" "by a preponderance of the evidence." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020); *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017) ("The party asserting jurisdiction 'constantly bears the burden of proof that jurisdiction does in fact exist.'" (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001))). "Yet that is no high bar: 'It is extremely difficult to dismiss a claim for lack of subject matter jurisdiction.'" *Outlaw Lab., LP v. Shenoor Enter., Inc.*, 371 F. Supp. 3d 355, 360 (N.D. Tex. 2019) (cleaned up) (quoting *Santerre v. Agip Petrol. Co.*, 45 F. Supp. 2d 558, 566 (S.D. Tex. 1999)).

## ANALYSIS

The VA argues Bennett's remaining claim for violation of Section 227(b) should be dismissed as a matter of law because the purportedly unlawful phone calls she relies on all occurred after Congress enacted the government-debt collection exception to the so-called "robocall ban" and prior to the Supreme Court's decision in *Barr v. Am. Assoc. of Political Consultants, Inc.*, 140 S.Ct. 2335, 2346 (2020) ("*AACP*"). Bennett argues despite the Supreme Court's decision in

*AACP*, this Court retains subject matter jurisdiction.[1] Specifically, Bennett argues an "overwhelming majority" of district courts have concluded § 227(b) is retroactively enforceable (Dkt. #46 at p. 7). The Court begins with a brief background on the history of the TCPA leading to the Supreme Court's decision in *AACP*.

> Congress enacted the TCPA in 1991. The provision in question originally read: It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). Congress never amended this language until 2015, when it added the government debt exception. Congress added the exception the end of the existing provision, which reads: "unless such call is made solely to collect a debt owed to or guaranteed by the United States." *Id*.

On July 6, 2020, the Supreme Court held in *AAPC* that the government debt exception was a content-based restriction unable to withstand strict scrutiny, thereby violating the First Amendment. 140 S. Ct. at 2347. The Supreme Court then concluded that the proper course of action to remedy this constitutional violation was to sever the government-debt exception from the rest of the statute. *Id*. at 2343–44.

Bennett relies on calls from January to March of 2020 to support her claim for violation for Section 227(b). The parties disagree what the decision in *AACP* means for

---

[1] Bennett first responds that this motion is untimely. While the current motion was filed after the Court's deadline for dispositive motions (*See* Dkt. #22), an objection to subject matter jurisdiction may be raised at any time. FED. R. CIV. P. 12(h)(3). *See United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012) ("[A] challenge to the court's subject matter jurisdiction over a case may be raised at any time because it goes to the court's very power to hear the case."). Moreover, for each and every case or controversy, it is incumbent upon the Court to police its subject matter jurisdiction vigilantly because "district courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Thus, Bennett's procedural arguments are without merit.

Section 227(b)(1)(A)(iii) violations unrelated to the government-debt exception that allegedly occurred during the exception's existence. On the one hand, the VA contends that it necessarily could not have violated an unconstitutional statute, nor can the court provide a remedy for violation of an unconstitutional statute. The VA's argument is rooted in the proposition that the holding in *AAPC* rendered Section 227(b)(1)(A)(iii) wholly ineffective between the enactment of the 2015 amendment and the Supreme Court's decision in 2020. On the other hand, Bennett argues the Court should retroactively enforce Section 227(b) while treating the government-debt exception as though it were never law. While Bennett may have sound legal support for its position, the Court has already addressed this issue in *Cunningham v. Matrix Fin. Servs.*, 531 F. Supp. 3d 1164 (E.D. Tex. 2021).

In *Cunningham*, the plaintiff sought damages for alleged violations of Section 227(b)(1)(A)(iii) based on calls which occurred after Congress amended the statute and before the Supreme Court issued its decision in *AACP*. 531 F. Supp. 3d at 1167. The plaintiff in Cunningham advanced the same argument Bennett now proposes. *Id.* at 1172 ("Cunningham disagrees, arguing that because 'the legal effect of severing the government-debt exception is retroactive,' the Court retains subject matter jurisdiction over his claims."). The court rejected any argument that Section 227(b) was retroactively enforceable. Instead, the Court held Section 227(b)(1)(A)(iii) was "unconstitutional from the moment Congress enacted the government-debt exception until the Supreme Court handed down its decision in *AAPC*." *Id.* 1180–81. As a result, the Court held, "during that stretch of time, § 227(b)(1)(A)(iii) had no legal effect." *Id.* at 1181 (citing *Ex parte Royall*, 117 U.S. 241, 248 (1886)). There have been no developments in the law that would persuade the Court to deviate from its prior ruling.

Because the Section 227(b)(1)(A)(iii) violations Bennett alleges occurred months prior to

the Supreme Court's decision in *AACP*, these statutory offenses are not constitutionally sound—and are therefore inoperative. As this is the only remaining claim, the Court must dismiss this case for lack of subject matter jurisdiction.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss Count I for Lack of Subject Matter Jurisdiction (Dkt. #42) be **GRANTED.**

Plaintiff's claim under Section 227(b) of the Telephone Consumer Protection Act is hereby **DISMISSED without prejudice**. All relief not previously granted is **DENIED**. The Clerk is directed to **CLOSE** this action.

**IT IS SO ORDERED.**

**SIGNED this 13th day of June, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE